# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALECIA N. ROBINS; JAMES T. ROBINS; BETTY D. ROBINS,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE WOLF FIRM, a law corporation; FIRST UNITED MORTGAGE; CHICAGO TITLE; COUNTRYWIDE HOME LOANS; WASHINGTON FEDERAL SAVINGS; DOES I–X; ROES I–X, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:10-cv-00424-RLH-PAL<br><br>**O R D E R**<br><br>(Emergency Motion to Stay a Wrongful Foreclosure Sale–#11) |

　　　　Before the Court is an **Emergency Motion to Stay a Wrongful Foreclosure Sale** (#11), filed at 10:04 p.m. on June 23, 2010, by Plaintiffs' counsel Jeffrey D. Conway. Curiously, the Motion seeks to prevent a "wrongful" foreclosure sale scheduled for 10:00 a.m. on June 23. That is, counsel filed the Motion approximately 12 hours *after* the foreclosure sale was scheduled to occur.

　　　　The timing of Mr. Conway's filing is similar to his timing in filing Plaintiffs' previous motion for a temporary restraining order (Dkt. #4), which he filed the day before the then-scheduled foreclosure sale. (*See* Dkt. #5, Order 2.) This motion thus establishes a pattern of

eleventh-hour or even after-the-fact filings from Plaintiffs, which undermines the alleged sincerity and urgency of their motions. Even so, the Court denies Plaintiffs' Motion to Stay not on its untimeliness, but on its merits.

In the Motion, Plaintiffs request that the Court prevent the foreclosure sale until they can file another motion for a temporary restraining order. Plaintiffs request the stay because Mr. Conway has left his prior law firm and needs additional time to obtain signatures needed to continue to represent Plaintiffs. Accordingly, "there has been unanticipated delay in obtaining all signatures required for substitution of counsel." (Dkt. #11, Mot. to Stay 1.) Plaintiffs also claim—without evidence or argument of any sort—that they "are likely to win on the merits." (*Id.* 2.) In short, Plaintiffs request that the Court issue an injunction temporarily staying the foreclosure sale of their home until they can file a motion for a temporary restraining order. Plaintiffs cite no authority or standard that would permit the Court to issue such a stay—there is simply no basis for the Court to impose it.

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion to Stay a Wrongful Foreclosure Sale (#11) is DENIED.

Dated: June 29, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**

2