UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALECIA N. ROBINS; JAMES T. ROBINS; BETTY D. ROBINS,<br><br>                 Plaintiff(s),<br><br>vs.<br><br>THE WOLF FIRM, *et al.*,<br><br>                 Defendant(s). | Case No.: 2:10-cv-0424-RLH-PAL<br><br>**O R D E R**<br>(Motion to Set Aside–#15) |

      Before the Court is Plaintiffs' **Motion to Set Aside Dismissal** (#15, filed August 13, 2010). Defendants' Opposition (#16) was filed August 23, 2010. No Reply has been filed.

      Plaintiffs have not identified under which Rule they are seeking relief.

      Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

      Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other

1

1 | reason justifying relief from the judgment.  A motion for reconsideration is properly denied when it
2 | presents no arguments that were not already raised in its original motion.  *See Backlund v. Barnhart*,
3 | 778 F.2d 1386, 1388 (9th Cir. 1985).

4 | Motions for reconsideration are not "the proper vehicles for rehashing old argu-
5 | ments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes
6 | omitted), and are not "intended to give an unhappy litigant one additional chance to sway the
7 | judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

8 | Plaintiffs have not met any of the criteria of either Rule 59(e) or 60(b).  The primary
9 | bases for Plaintiffs' motion are a recital of a state court procedural rule and a reference to an
10 | apparently unpublished case, "*In re Walker,* if it is an actual case at all.  They argue that they should
11 | be given more time to do discovery.  However, Plaintiffs failed to make this argument, or request, as
12 | Fed. R. Civ. P. 56(f) authorizes them to do if this were a matter of summary judgment, at the time
13 | they filed their opposition to the motion to dismiss.  The Court granted a motion to dismiss on legal
14 | grounds.  The evidentiary discovery arguments made in this motion would not have changed the
15 | Court's ruling.

16 | IT IS THEREFORE ORDERED that Plaintiffs' **Motion to Set Aside Dismissal**
17 | (#15) is DENIED.

18 | Dated: December 16, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**